IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BIRDELL MCCALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-1298-CV-W-ODS |
| ) | |
| DISABLED AMERICAN VETERANS ) | |
| ERNESTINE SCHUMANN-HEINK ) | |
| MISSOURI CHAPTER 2, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION (1) DISMISSING DEFENDANT JAMES HAYWORTH WITHOUT PREJUDICE, (2) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND (3) GRANTING REMAINING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending are cross-motions that address the applicability of the Fair Labor Standards Act ("FLSA") to drivers employed by one or more of the Defendants. At the outset, the Court dismisses Defendant James Hayworth without prejudice because the Record does not reflect that he has ever been served. The remaining Defendants have joined together to file a Motion for Summary Judgment: their motion (Doc. # 34) is granted and Plaintiff's Motion for Partial Summary Judgment (Doc. # 32) is denied.

## I. BACKGROUND

Plaintiff worked as a driver for one or more of the Defendants: the parties do not agree who qualifies as Plaintiff's employer within the meaning of the FLSA, but the issue is not relevant to the issues before the Court. Plaintiff is a driver, and his duties generally consist of picking up and delivering donated merchandise from donors. He is paid a salary regardless of the number of hours worked and thus does not receive

additional pay if he works more than forty hours per week.[1]  The facts, viewed in the light most favorable to Plaintiff, suggest he worked more than forty hours per week at least occasionally.  However, consistent with his status as a salaried employee, Plaintiff was not given overtime pay.

As will be discussed, the legal issue generally involves the weight of the truck Plaintiff drove.  Viewed in the light most favorable to Plaintiff, when loaded the truck usually (if not always) weighed less than 10,000 pounds.  The uncontroverted facts demonstrate the truck's gross vehicle weight rating ("GVWR") exceeded 12,000 pounds.

## II.  DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

---

[1]Plaintiff asserts this action on behalf of himself and intended to also assert it on behalf of others similarly employed; in the interest of efficiency the parties presented their competing views of the law to the Court before raising the issue of conditional certification of an opt-in class under the FLSA.

2

The issue before the Court turns on interpretations of law and not an assessment of the Record's factual content, and the parties offer similar descriptions of the legal landscape. The FLSA contains a general requirement that employees be paid "at a rate not less than one and one-half times the regular rate" for any time worked over forty hours in a given week. 29 U.S.C. § 207(a)(1). However, this provision does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." Id. § 213(b)(1). This exemption is commonly referred to as the Motor Carrier Act Exemption. As an exemption, the provisions of section 213 are to be narrowly construed. E.g., Donovan v. Bereuter's, Inc., 704 F.2d 1034, 1036 (8th Cir. 1983); Hodgson v. Jones, 453 F.2d 515, 519 (8th Cir. 1971).[2]

The exemption's scope – and, by extension, the FLSA's scope – has been affected by various amendments to the Secretary of Transportation's ("the Secretary's") authority and the FLSA. This evolution is helpful in understanding the state of the law. Section 31502 of Title 49 allows the Secretary to prescribe requirements for, among other things, "motor private carrier[s]." 49 U.S.C. § 31502(b)(2). A "motor private carrier" is defined in 49 U.S.C. § 13102(15), and before August 2005 the definition described a person who transported property by any motor vehicle regardless of the vehicle's weight.[3] In August 2005, the Safe, Accountable, Flexible, Efficient Transportation Equity Act ("SAFETEA-LU") went into effect; among its provisions was one limiting the definition of "motor private carrier" by specifying that it included only *commercial* motor vehicles as defined in section 31132. A "commercial motor vehicle" was – and still is – defined to include a vehicle that, *inter alia*, "has a gross vehicle

---

[2]The exemption applies if the Secretary of Transportation's Authority exists; there is no need for the authority to have been exercised. E.g., Levinson v. Spector Motor Serv., 330 U.S. 649, 678 (1947).

[3]There were (and continue to be) other components of the definition, including requirements regarding the interstate nature of the endeavor. These other requirements are not at issue, and there is no dispute that these other requirements have been satisfied.

3

weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater." By limiting the Secretary's authority, SAFETA-LU also limited the FLSA's exemption.

In June 2008, Congress passed the SAFETA-LU Technical Corrections Act ("the TCA"). The TCA amended the definition of "motor private carrier" by defining it as a "motor vehicle" and not a "commercial motor vehicle," thus returning the pre-SAFETA definition and again expanding the Secretary's authority. In a provision apparently not codified in the United States Code, the TCA also decreed that the overtime provisions contained in 29 U.S.C. § 207 would apply to "a covered employee" notwithstanding the Motor Carrier Act Exemption, and further defined a "covered employee" to include, as relevant here, a driver of a motor vehicle "weighing 10,000 pounds or less." Pub. L. No. 110-244, Title III, § 306 (2008).

The TCA does not specify how the vehicle weight is to be determined: whether the vehicle is weighed loaded or unloaded, fueled or unfueled, or some sort of average is to be utilized. On November 4, 2010, the Department of Labor ("DOL") issued Field Assistance Bulletin No. 2010-2 ("the Bulletin") to explain its interpretation of the TCA. Among other matters, the Bulletin announces DOL's method for determining whether a vehicle weighs 10,000 pounds or less, stating the Wage and Hour Division "will continue to use the gross vehicle weight rating (GVWR) or gross combined vehicle weight rating in the event that the vehicle is pulling a trailer."[4]

The parties agree the Bulletin is entitled to deference because it represents DOL's interpretation of statutory provisions it is charged with enforcing, but they disagree as to the Bulletin's meaning. The Court believes the interpretation is quite clear: a vehicle's GVWR is its weight for purposes of the TCA and, hence, applicability of the FLSA. If the vehicle is pulling a trailer, the combined GVWR of the vehicle and the trailer will be used. Plaintiff's interpretation – that GVWR is to be used *only* if the vehicle is pulling a trailer makes no sense. There is no reason to use GVWR in one instance and not in another, and Plaintiff's interpretation renders part of the Bulletin a

---

[4]Plaintiff alleges he began working for Defendants in April 2011 – after the TCA was passed, and after the Bulletin was promulgated.

4

Case 4:11-cv-01298-ODS   Document 44   Filed 07/27/12   Page 4 of 5

nullity (or, at worst, surplusage) by purporting to have the Bulletin explain how vehicles are weighed if they pull a trailer but failing to explain how vehicles are weighed if they are not.  The Court also notes DOL's interpretation is reasonable because it not only leads to certainty but it is consistent with the Secretary of Transportation's entire statutory and regulatory framework, which elsewhere typically relies on GVWR when referencing the weight of vehicles.

Plaintiff contends this interpretation thwarts Congress' intent by diminishing the reach of the FLSA.  The Court disagrees.  Before 2005, the Secretary of Transportation had authority over all motor private carriers regardless of the weight of the vehicle, and the FLSA did not apply to any motor private carriers.  With the passage of SAFETEA-LU in 2005, Congress removed the Secretary's authority over motor private carriers using vehicles with a GVWR of 10,000 pounds or less – and thereby expanded the FLSA's reach.  The TCA restores the Secretary's authority to all motor private carriers regardless of a vehicle's weight, but specifies that the FLSA's reach will remain as it was expanded with SAFETEA-LU's passage.  In short, the TCA expanded the Secretary's authority, but it was not intended to further expand the FLSA's reach – it remained exactly where it was before the TCA was passed.

There is no dispute that the GVWR of the vehicle Plaintiff drove exceeded 10,000 pounds.  Therefore, the FLSA does not apply and the moving Defendants are entitled to judgment as a matter of law.

### III.  CONCLUSION

Defendant James Hayworth is dismissed without prejudice.  Plaintiff's Motion for Partial Summary Judgment is denied.  The remaining Defendants' Motion for Summary Judgment is granted, and judgment is entered in their favor.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 27, 2012                UNITED STATES DISTRICT COURT